```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


LEO MEDIAMOLLE                              CIVIL ACTION

VERSUS                                      NO: 07-8648

STATE FARM INSURANCE CO. ET AL.             SECTION: "R"(5)
```

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand this case to state court. For the following reasons, the Court GRANTS plaintiff's motion.

## I.  BACKGROUND

Hurricane Katrina damaged plaintiff's home in New Orleans, Louisiana. On August 28, 2007, plaintiff sued his homeowners insurer, State Farm Fire & Casualty Company,[1] in state court. Plaintiff seeks damages for property damage to his home, defendant's breach of contract, and damages and penalties

---

[1] Improperly named State Farm Insurance Company.

pursuant to La. Rev. Stat. §§ 22:1220 and 22:658. On November 14, 2007, State Farm removed the case to federal court pursuant to 28 U.S.C. § 1332. Plaintiff now seeks to remand this matter. Defendant opposes this motion, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332. *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks

subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **B.    Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d

848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

**III. ANALYSIS**

As of the date of removal, Mediamolle's state court petition did not allege a specific amount of damages.  He did not claim that he was entitled to the full value of his homeowner's policy, only that he was not adequately compensated for damage to his property.  In his petition, Mediamolle did not describe the severity of the damage to his property or estimate the cost of repairs.  In its notice of removal, State Farm asserted that the

4

amount in controversy requirement was met because plaintiff is making a claim for damages to his dwelling, loss of use, loss of rental, in addition to claims for pain and suffering, mental anguish, penalties, and attorney's fees.  In opposing the motion to remand, defendant further states that the coverage limits on plaintiff's homeowner's policy are $52,200.00 for the dwelling, $5,220.00 for the dwelling extension, and $2,610.00 for contents.  State Farm thus rested its removal petition on an assertion as to the face value of the underlying policy, plus special damages, though there is no indication from the petition that Mediamolle sought to recover the full value of the policy.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).  Plaintiff did not assert that the amount of his claim approaches or exceeds the policy limits, thus the policy limits are not determinative of the amount in controversy.

In his petition, plaintiff also seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Although plaintiff alleges that he has suffered loss of use and rental of the property, in addition to pain and suffering and mental anguish, he does not allege in his petition the amount of these damages that he allegedly sustained from State Farm's breach. Under Section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause

fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added).

Based on the facts alleged in Mediamolle's petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000.  State Farm has not submitted any evidence indicating that the plaintiff's claims are for more than $75,000.  With no evidence as to the extent of the damage to plaintiff's property, or the damages related to plaintiff's loss of use of the property, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this  27th  day of March, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE